IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | |
|---|---|
| HC OPERATING, L.P., et al.<br><br>*Plaintiffs*,<br><br>vs.<br><br>ATLAS APARTMENT ACQUISITION, LLC and STEVEN IVANKOVICH,<br><br>*Defendants*. | Civil Action No. 3:19-cv-02425-S<br><br>DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendants Atlas Apartment Acquisition, LLC ("**Atlas**" or "**Defendant**") and Steven Ivankovich ("**Mr. Ivankovich,**" "**Defendant**," or, jointly with Atlas, "**Defendants**") file this Original Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint as follows:

**I**

**DEFENDANTS' ORIGINAL ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

1. Defendants admit the allegations in this Paragraph.

2. Defendants admit the allegations in this Paragraph.

3. Defendants admit the allegations in this Paragraph.

4. Defendants admit the allegations in this Paragraph.

5. Defendants admit the allegations in this Paragraph.

6. Defendants admit the allegations in this Paragraph.

7. Defendants admit the allegations in this Paragraph.

8. Defendants admit the allegations in this Paragraph.

9. Defendants admit the allegations in this Paragraph.

10. Defendants admit the allegations in this Paragraph.

11. Defendants admit the allegations in this Paragraph.

12. Defendants admit the allegations in this Paragraph.

13. Defendants admit the allegations in this Paragraph.

14. Defendants admit the allegations in this Paragraph.

15. Defendants admit the allegations in this Paragraph.

16. Defendants admit the allegations in this Paragraph.

17. Defendants admit the allegations in this Paragraph.

18. Defendants admit the allegations in this Paragraph.

19. Defendants admit the allegations in this Paragraph.

20. Defendants admit the allegations in this Paragraph.

21. Defendants admit the allegations in this Paragraph.

22. Defendants admit the allegations in this Paragraph.

23. Defendants admit the allegations in this Paragraph.

24. Defendants admit the allegations in this Paragraph.

25. Defendants admit the allegations in first sentence of this Paragraph. Defendants are without sufficient information to either admit or deny the allegations in second sentence of this Paragraph.

26. Defendants admit that Atlas entered into agreements with certain of the Plaintiffs for the purchase and sale of the Hebron 121 Station apartments and the Harmony Hill apartments. Defendants further admit that the agreements relating to the Hebron 121 Station apartments included the purchase and sale of operating apartment buildings, under-construction apartment buildings, and a parcel of undeveloped land. Defendants further admit that the agreements relating to the Harmony Hill apartments included the purchase and sale of operating apartment buildings

and under-construction apartment buildings. Defendants deny the remainder of the allegations in this Paragraph.

27. Defendants admit the allegations in this Paragraph.

28. Defendants admit the allegations in this Paragraph.

29. Defendants admit that the different agreements between the parties had different Sellers, but deny the remainder of the allegations in the first sentence of this Paragraph. Defendants admit the remainder of the allegations in this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions. Defendants further state that certain of the agreements' terms and conditions referenced in this Paragraph were subsequently revised or amended.

30. Defendants admit the allegations in this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions. Defendants further state that certain of the agreements' terms and conditions referenced in this Paragraph were subsequently revised or amended.

31. Defendants admit that the agreements relating to Hebron Phase 5 and Harmony Hill Phase 2 differed from each other and from the other agreements between the Parties, but deny the remainder of the allegations in the first sentence of this Paragraph. Defendants admit the remainder of the allegations in this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions. Defendants further state that certain of the agreements' terms and conditions referenced in this Paragraph were subsequently revised or amended.

32. Defendants admit the allegations in this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions. Defendants further state

that certain of the agreements' terms and conditions referenced in this Paragraph were subsequently revised or amended.

33. Defendants admit the allegations in this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions.

34. Defendants admit the allegations in this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions.

35. Defendants admit the allegations in this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions.

36. Defendants admit the allegations in this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions. Defendants further state that certain of the agreements' terms and conditions referenced in this Paragraph were subsequently revised or amended.

37. Defendants admit that Plaintiffs had the obligation to obtain the Consents, but deny the remainder of the allegations in the first three sentences of this Paragraph. Defendants admit the allegations in the fourth sentence of this Paragraph, but state that the referenced agreements speak for themselves regarding their terms and conditions.

38. Defendants admit that Plaintiffs did not obtain the Consents by July 17, 2019 and that the Initial Scheduled Closing Date was extended to August 14, 2019, but deny the remainder of the allegations in this Paragraph.

39. Defendants admit that Plaintiffs sent a letter to Atlas on July 30, 2019, but state that this letter speaks for itself regarding its content. Defendants further state that the referenced agreements speak for themselves regarding their terms and conditions.

40. Defendants deny the allegations in this Paragraph.

41. Defendants deny the allegations in this Paragraph.

42. Defendants admit the allegations in the first sentence of this Paragraph, except to the extent such allegation presumes that Plaintiffs were ready, willing, and able to close on August 14, 2019, which Defendants deny. Defendants deny the remainder of the allegations in this Paragraph.

43. Defendants deny the allegations in this Paragraph.

44. Defendants admit the allegation in the first sentence of this Paragraph that the closing did not occur on September 13, 2019. Defendants deny the remainder of the allegations in this Paragraph.

45. Defendants incorporate their answers to the preceding Paragraphs as if fully set forth verbatim herein.

46. Defendants admit the allegation in the first sentence of this Paragraph. Defendants deny the remainder of the allegations in this Paragraph.

47. Defendants admit the allegation in the fifth sentence of this Paragraph that the Earnest Money has not been paid to Plaintiffs. Defendants deny the remainder of the allegations in this Paragraph.

48. Defendants admit the allegation in the fifth sentence of this Paragraph that the Earnest Money has not been paid to Plaintiffs. Defendants deny the remainder of the allegations in this Paragraph.

49. Defendants admit the allegation in the third sentence of this Paragraph that the Earnest Money has not been paid to Plaintiffs. Defendants deny the remainder of the allegations in this Paragraph.

50. Defendants incorporate their answers to the preceding Paragraphs as if fully set forth verbatim herein.

51. Defendants admit the allegation in this Paragraph that Mr. Ivankovich provided written personal guarantees to the Plaintiffs, but state that the referenced guarantees speak for themselves regarding their terms and conditions. Defendants deny the remainder of the allegations in this Paragraph.

52. Defendants incorporate their answers to the preceding Paragraphs as if fully set forth verbatim herein.

53. Defendants admit the allegation in the first sentence of this Paragraph that the Earnest Money has not been paid to Plaintiffs. Defendants deny the remainder of the allegations in this Paragraph.

54. Defendants deny that Plaintiffs are entitled to any of the relief prayed for in the First Amended Complaint, or any other relief.

## II

## DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

55. Plaintiffs' claims are barred, in whole or in part, because Defendants are discharged from performance due to Plaintiffs' non-performance and/or prior material breach of the contracts under which Plaintiffs seek relief.

56. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to perform all conditions precedent to the contracts under which Plaintiffs seek relief.

57. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and quasi-estoppel.

58. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

59. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

60. Plaintiffs' claims are barred, in whole or in part, by the doctrines of excuse, justification, and exculpation.

## III

## **REQUEST FOR RELIEF**

For the reasons set forth herein, Defendants respectfully request that the Court:

(i) Order that Plaintiffs take nothing from and through this lawsuit; and

(ii) Award Defendants all other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Daniel P. Elms*
Daniel P. Elms
Texas State Bar No. 24002049
elmsd@gtlaw.com
Sarah-Michele Stearns
Texas State Bar No. 24099029
stearnssa@gtlaw.com
**Greenberg Traurig, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

**ATTORNEYS FOR DEFENDANTS ATLAS APARTMENT ACQUISITION, LLC AND STEVEN IVANKOVICH**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 31, 2019, a true and correct copy of the above and foregoing document has been served on all parties electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2), and/or via Electronic Service through the Northern District of Texas Electronic Case Filing System (ECF).

    Richard A. Illmer
    Rick.Illmer@huschblackwell.com
    Chad A. Johnson
    Chad.Johnson@huschblackwell.com
    2001 Ross Avenue, Suite 2000
    Dallas, Texas 75201

    */s/ Daniel P. Elms*
    Daniel P. Elm