IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HC OPERATING, LP, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:19-cv-2425-S-BN |
| | § | |
| ATLAS APARTMENTS ACQUISITION, | § | |
| LLC and STEVEN IVANKOVICH, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States Magistrate Judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge Karen Gren Scholer. *See* Dkt. No. 27. Plaintiffs[1]

have filed an Application for Expedited Injunctive Relief, or, Alternatively, Motion to

---

[1]Plaintiffs are HC Operating, LP, Huffines Retail Partners, LP, The Haley Angelica Huffines 1995 Trust dated October 26, 1995 a/k/a the Haley Angelica Huffines 1995 Children's Trust, The Garrett James Huffines 1995 Trust dated October 26, 1995 a/k/a the Garrett James Huffines 1995 Children's Trust, The Hayden Hartwell Huffines 1995 Trust dated October 26, 1995 a/k/a the Hayden Hartwell Huffines 1995 Children's Trust, The Donald B. Huffines 1996 Children's Investment Trust dated May 10, 1996, Huffines Plano Properties, LP, The Phillip W. and Holly A. Huffines 2011 Children's Trust f/b/o Haley Angelica Huffines u/a/d August 23, 2011, The Phillip W. and Holly A. Huffines 2011 Children's Trust f/b/o Garrett James Huffines u/a/d August 23, 2011, The Phillip W. and Holly A. Huffines 2011 Children's Trust f/b/o Hayden Hartwell Huffines u/a/d August 23, 2011, Riverside DPH, LP, HC Operating, LP, The Phillip Huffines 1996 Trust u/a/d June 26, 1996 a/k/a The Phillip Huffines 1996 Trust, HC Harmony Hill Manager, Inc., and Benbrook Winchester, LP. *See* Dkt. No. 15 at 1.

-1-

Cancel Lis Pendens. *See* Dkt. No. 36. Defendant Atlas Apartment Acquisition, LLC, filed a response, *see* Dkt. No. 42, and Plaintiffs filed a reply, *see* Dkt. No. 43.

For the following reasons, the undersigned recommends that Court deny the Application for Expedited Injunctive Relief or Alternatively, Motion to Cancel Lis Pendens.

## Background

The undersigned has previously summarized the background and allegations in this case in the Findings, Conclusion and Recommendation on the Motion to Expunge Lis Pendens [Dkt. No. 35] and will not repeat them in detail here and will assume the parties' familiarity with them.

Defendant Atlas Apartment Acquisition, LLC ("Atlas") and Plaintiffs entered five agreements under which Atlas would acquire all of Plaintiffs' membership interests in multiple limited liability companies and, thereby, gain ownership of multi-family housing units known as the Hebron 121 Station and Harmony Hill apartments. Dkt. No. 15 ¶ 26; Dkt. No. 17 ¶ 3. Closing dates were set for August 14, 2019 and September 13, 2019, but there was no closing on either date.

Plaintiffs filed this lawsuit, asserting claims for breach of contract, breach of guaranty, and attorneys' fees, on September 13, 2019 in the District Court of Dallas County, Texas. *See* Dkt. No. 1-1 at 10-32. Atlas and Ivankovich removed the action to this Court on October 14, 2019. *See* Dkt. No. 1.

On November 12, 2019, Atlas filed its Counterclaim against Plaintiffs, asserting claims for breach of contract, declaratory judgment, preliminary and permanent

injunction, and attorney's fees. *See* Dkt. No. 9. Atlas alleged that Plaintiffs failed to perform certain conditions precedent to closing.

In its claim for injunctive relief, Atlas seeks a temporary restraining order, a preliminary injunction, and, following trial, a permanent injunction ordering Plaintiffs to comply with conditions precedent necessary for the transactions to close. Specifically, Atlas requests the Court to order that:

(a) The Hebron 5 and Harmony 2 Sellers shall obtain Lender Consents in a form reasonably acceptable to Atlas;

(b) The Hebron 5 and Harmony 2 Sellers shall jointly negotiate with Atlas the Construction Joinder Agreements and execute same upon approval of all parties;

(c) The Hebron 4 Sellers shall assign to Atlas the DCTA Ground Lease and obtain the DCTA's written consent to same;

(d) Plaintiffs and Atlas shall agree on a calculation of pro-rated costs at least three business days prior to closing;

(e) Plaintiffs shall provide all updated financial information that Atlas has requested, or may request, prior to closing, subject to the terms and conditions of the Agreements;

(f) Plaintiffs shall not (i) sell, assign, or transfer, attempt to sell, assign, or transfer, or enter into any agreement to sell, assign, or transfer any of the properties and assets identified in any of the Agreements to any person or entity other than Atlas (or its designee); or (ii) encumber or permit any lien, right, or claim on or against any of the properties and assets identified in any of the Agreements; and

(g) Plaintiffs shall close the transactions contemplated by the Agreements, and perform all of Plaintiffs' obligations associated with such closing, within a reasonable time after: (i) the Hebron 5 and Harmony 2 Sellers obtain Lender Consents in a form reasonably acceptable to Atlas; (ii) the Hebron 5 and Harmony 2 Sellers negotiate with Atlas and execute the Construction Joinder Agreements; (iii) the Hebron 4 Sellers assign to Atlas the DCTA Ground Lease and obtain

> the DCTA's written consent to same; (iv) Plaintiffs and Atlas agree on
> a calculation of pro-rated costs at least three business days prior to
> such closing; (v) Plaintiffs provide all updated financial information
> that Atlas has requested, or may request prior to such closing, subject
> to the terms and conditions of the Agreements; and (vi) Atlas is able
> to definitely secure financing for such transactions, either through its
> existing lenders or through alternative means.

Dkt. No. 9 at 19-21 ¶¶ 62, 63.

After filing its counterclaim, Atlas filed notices of lis pendens in the Denton and

Dallas County Real Property Records on December 2, 2019. *See* Dkt. No. 17 ¶ 10.

On December 27, 2019, Plaintiffs filed a Motion to Expunge Lis Pendens. *See*

Dkt. No. 17. The undersigned held an evidentiary hearing on the motion on February

21, 2020. *See* Dkt. Nos. 33, 38.

On March 19, 2020, Plaintiffs entered a contract for sale of the properties to a

third party. *See* Dkt. No. 34. The contract provides that, generally, the purchaser has

30 days to complete due diligence and 60 days thereafter to close the transaction. *See*

*id.* at 1, 11 ¶ 4.03(a), 17 ¶ 6.01. The transaction is conditioned on Plaintiffs' ability to

convey clear title. *See id.* at 1.

On March 23, 2020, the undersigned entered Findings, Conclusions and

Recommendation ("FCR") that the Court deny the Motion to Expunge Lis Pendens.

*See* Dkt. No. 35. The undersigned found that Atlas's Counterclaim states a real

property claim and that Atlas established the probable validity of its claim by a

preponderance of the evidence. The undersigned also found that Atlas had presented

competent prima facie evidence that Plaintiffs failed to provide updated financial

information to Atlas regarding the projects but that the evidence was insufficient to

-4-

support Atlas's claims of additional pre-closing breaches by Plaintiffs. *See id.* at 19, 22. The undersigned repeatedly stated that the findings were based only on the evidence presented at the hearing.

Before the statutory 14-day period in which any party may file objections to the FCR ended on April 6, 2020, *see* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), Plaintiffs filed the pending Application for Expedited Injunctive Relief, or, Alternatively, Motion to Cancel Lis Pendens on March 31, 2020, *see* Dkt. No. 36. Plaintiffs seek an expedited ruling on Atlas's counterclaim for injunctive relief in the form of a mandatory injunction compelling specific performance under the agreements with closing to occur within 14 days of the Court's order. Alternatively, Plaintiffs move for cancellation of the lis pendens so that they can complete the sale to a third-party.

Plaintiffs argue that the undersigned's findings in the FCR on the Motion to Expunge Lis Pendens and the testimony submitted at the February 21, 2020 hearing "have narrowed the issues and advanced the possible resolution of the parties' dispute." Dkt. No. 36 at 2. They also state that, after the hearing on the Motion to Expunge Lis Pendens, they provided Atlas with updated financial information on the projects and that, because there is no financing contingency in the agreements, there is no longer any reason to delay the closing.

Plaintiffs filed objections to the FCR on the Motion to Expunge Lis Pendens on April 6, 2020. *See* Dkt. No. 40. The Court accepted the FCR and denied the Motion to Expunge Lis Pendens on April 8, 2020. *See* Dkt. No. 41.

Defendants filed a Response to the Application for Expedited Injunctive Relief,

or, Alternatively, Motion to Cancel Lis Pendens later that day. *See* Dkt. No. 42. Plaintiffs filed a reply on April 14, 2020. *See* Dkt. No. 43.

A hearing is unnecessary because Plaintiffs contend that the issues can be resolved based on the evidence from the February 21, 2020 hearing and the Declarations submitted by the parties and further assert that no additional evidence or discovery is needed.

The undersigned now recommends that the Application for Expedited Injunctive Relief and the Motion to Cancel Lis Pendens should be denied.

## Legal Standards

A preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). "To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) ("The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3)

that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.");"); *see generally Univ. of Tex. v. Camenisch*, 451 U.S. 390, 392, 398 (1981) (approving of the district court's and the United States Court of Appeals for the Fifth Circuit's relying on the balance of the four factors enunciated in *Canal Authority*).

"[T]he issuance of a prohibitory injunction freezes the status quo, and is intended 'to preserve the relative positions of the parties until a trial on the merits can be held.' Preliminary injunctions commonly favor the status quo and seek to maintain things in their initial condition so far as possible until after a full hearing permits final relief to be fashioned." *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997) (citation omitted; quoting *Camenisch*, 451 U.S. at 395).

Accordingly, if a plaintiff seeks "a mandatory injunction, it bears the burden of showing a clear entitlement to the relief under the facts and the law." *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990); *accord Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."). Because "[a]n indispensable prerequisite to issuance of a preliminary injunction is prevention of irreparable injury, [o]nly in rare instances is the issuance of a mandatory preliminary injunction proper." *Tate v. American Tugs, Inc.*, 634 F.2d

869, 870 (5th Cir. 1981) (internal quotation marks omitted).

> The United States Court of Appeals for the Fifth Circuit has also cautioned:

> > It must not be thought, however, that there is any particular magic in the phrase 'status quo.' The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. It often happens that this purpose is furthered by preservation of the status quo, but not always. If the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury. The focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo.

*Canal Auth.*, 489 F.2d at 576 (citations omitted).

But, despite these words of caution, the rule in this circuit remains that, "when a plaintiff applies for a mandatory preliminary injunction, such relief 'should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.'" *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958) ("A mandatory injunction of this nature, especially at the preliminary stage of proceedings, should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.")). The Fifth Circuit's pronouncement of that rule predates its *Canal Authority* decision, and "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of*

*Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("'When faced with conflicting panel opinions, the earlier controls our decision.'" (quoting *United States v. Miro*, 29 F.3d 194, 199 n.4 (5th Cir. 1994))).

## Analysis

I.    <u>Plaintiffs' Application for Expedited Injunctive Relief should be denied.</u>

As a threshold matter, the Application for Expedited Injunctive Relief is procedurally defective. In their First Amended Complaint, Plaintiffs assert claims for breach of contract and breach of guaranty, s*ee* Dkt. No. 15 at 11-13, ¶¶ 45-51, and they seek only money damages and attorney's fees, *see id*. at 13-14. According to Plaintiffs, the "purpose for filing the lawsuit was to recover on the guaranty that substituted for the earnest money deposit, which Atlas immediately forfeited because it did not perform its contractual obligation and close the transaction" on September 13, 2019. Dkt. No. 36 at 4 ¶ 11.

Plaintiffs did not assert a claim for or allege facts to support an award of injunctive relief. *See generally* Dkt. No. 36. In their First Amended Complaint, Plaintiffs do not ask for the agreements to be enforced or for Atlas to be required to close the transactions. *See id*.

But now, in contradiction to their pleadings, Plaintiffs seek an expedited, mandatory, temporary injunction under their opponent's counterclaim for injunctive relief.

Plaintiffs may agree to Atlas's request for specific performance, as they claim

they are doing, and the parties are free to resolve their disputes without Court involvement. But Plaintiffs cannot obtain an expedited, mandatory injunction based on their opponent's pleadings. *See M&C Innovations, LLC v. Igloo Prods. Corp.*, Civil Action No. 4:17-cv-2372, 2018 WL 4620713, at *6 (S.D. Tex. July 18, 2018) (dismissing claim for permanent injunction because complaint did not allege facts to support such relief); *cf. Malone v. PLH Grp., Inc.*, No. 01-19-16-CV, 2020 WL 1680058, at *6 (Tex. App. − Houston [1st Dist.] April 7, 2020, no pet. h.) ("[A] contracting party's acknowledgment that the other contracting party has a right to equitable relief does not bind judicial actors or require a court to grant the equitable relief ultimately requested.").

Moreover, because Plaintiffs' pleadings seek only money damages, Plaintiffs cannot show a threat of irreparable harm if a mandatory injunction forcing Atlas to close under the agreements before a full trial on the merits is not granted.

Despite the nomenclature used, what Plaintiffs have filed is more akin to a motion for partial judgment or summary judgment. They ask for the Court to render judgment in the form of a mandate that the parties specifically perform. But even those motions are not a perfect fit, since Plaintiffs seek judgment in favor of their opponent on its specific-performance claim. And the Court should not grant such relief presented under the guise of an Application for Expedited Injunctive Relief.

II.    Plaintiffs' Motion to Cancel Lis Pendens should be denied.

Plaintiffs Motion to Expunge Lis Pendens was denied. *See* Dkt. No. 41. Now Plaintiffs seek cancellation of the lis pendens under Texas Property Code § 12.008 so

they can sell the properties to a third-party.

> Section 12.008 provides, in part, that
>
> (a) after notice to each affected party, the court ... may cancel the lis pendens at any time during the proceeding ..., if the court determines that the party seeking affirmative relief can be adequately protected by the deposit of money into court or by the giving of an undertaking.
> (b) If the cancellation of a lis pendens is conditioned on the payment of money, the court may order the cancellation when the party seeking the cancellation pays into the court an amount equal to the total of:
> (1) the judgment sought;
> (2) the interest the court considers likely to accrue during the proceeding;
> (3) and costs.
> (c) If the cancellation of a lis pendens is conditioned on the giving of an undertaking, the court may order the cancellation when the party seeking the cancellation gives a guarantee of payment of a judgment, plus interest and costs, in favor of the party who recorded the lis pendens. The guarantee must equal twice the amount of the judgment sought and have two sufficient sureties approved by the court.

TEX. PROP. CODE § 12.008.

Plaintiffs state that they are willing to post a sufficient cash deposit or bond, which they suggest should be in the amount of $10,000, because Atlas's counterclaim seeks declaratory and injunctive relief, and an award of attorney's fees, but does not allege a basis for seeking money damages or an amount of damages.

The Texas Property Code provisions requiring the party seeking cancellation of a lis pendens to "pay[ ] into the court an amount equal to the judgment sought" or give a "guarantee of payment of a judgment," which must be "twice the amount of the judgment sought," arise only when the party asserting the lis pendens has or is seeking a money judgment. *Id.* at § 12.008(b), (c). They do not contemplate or apply where the holder of a lis pendens is seeking ownership of real property through a

request for specific performance. *See Ransopher v. Deer Trails, Ltd.*, 647 S.W.2d 106, 109 (Tex. App. – Houston [1st Dist.] 1983, no pet.), *citing* TEX. REV. CIV. STAT. 6643a (predecessor to Texas Property Code § 12.008) (cancellation of lis pendens is restricted to cases in which the deposit of money or an undertaking can provide adequate relief); *see also Tishman v. Acritelli*, 111 A.D. 237, 239 97 N.Y.S. 668 (1906) ("If the plaintiff … is entitled to a specific performance of the contract and a conveyance of the real property contracted to be sold, it is evident that adequate relief cannot be secured to the plaintiff by the deposit of a sum of money.").

This is demonstrated by the inadequate $10,000 amount proposed by Plaintiffs. To adequately protect Atlas, the amount deposited must be sufficient to cover not only Atlas's attorneys' fees and costs but also Atlas's losses that would result from the sale of the property to a third party. Plaintiffs state that the agreements "call for the closing of a $350+ million transaction," Dkt. No. 36 at 1, and the aggregate Gross Selling Price for the assets reflected in the agreements is $367,737,500, *see* Dkt. No. 24 ex. A-E at § 3.01.

### Recommendation

The Court should deny Plaintiff's Application for Expedited Injunctive Relief, or, Alternatively, Motion to Cancel Lis Pendens [Dkt. No. 36].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 17, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE