IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HC OPERATING, LP, ET AL.<br><br>*Plaintiffs*,<br><br>v.<br><br>ATLAS APARTMENTS ACQUISITON, LLC, and STEVEN IVANKOVICH,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§  Civil Action No. 3:19-CV-2425-S-BH<br>§<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFFS' MOTION TO DISMISS ITS CLAIMS WITHOUT PREJUDICE

NOW COME HC Operating, LP, Huffines Retail Partners, LP, The Haley Angelica Huffines 1995 Trust dated October 26, 1995 a/k/a the Haley Angelica Huffines 1995 Children's Trust, The Garrett James Huffines 1995 Trust dated October 26, 1995 a/k/a the Garrett James Huffines 1995 Children's Trust, The Hayden Hartwell Huffines 1995 Trust dated October 26, 1995 a/k/a the Hayden Hartwell Huffines 1995 Children's Trust, The Donald B. Huffines 1996 Children's Investment Trust dated May 10, 1996, Huffines Plano Properties, LP, The Phillip W. and Holly A. Huffines 2011 Children's Trust f/b/o Haley Angelica Huffines u/a/d August 23, 2011, The Phillip W. and Holly A. Huffines 2011 Children's Trust f/b/o Garrett James Huffines u/a/d August 23, 2011, The Phillip W. and Holly A. Huffines 2011 Children's Trust f/b/o Hayden Hartwell Huffines u/a/d August 23, 2011, Riverside DPH, LP, HC Operating, LP, The Phillip Huffines 1996 Trust u/a/d June 26, 1996 a/k/a The Phillip Huffines 1996 Trust, HC Harmony Hill Manager, Inc., and Benbrook Winchester, LP (collectively the "Sellers" or "Plaintiffs" or "Counter-Defendants") and file their Motion to Dismiss Plaintiffs' Claims Without Prejudice, and respectfully show the Court as follows:

### I. MOTION TO DISMISS WITHOUT PREJUDICE

1. On May 29, 2020, Counter-Plaintiff Atlas filed its First Amended Counterclaim for breach of contract, declaratory judgment, injunctive relief, and attorney's fees. [Dkt. No. 46-1]

2. On December 18, 2020, the Court granted Atlas's counsel's *First Amended Unopposed Motion to Withdraw as Counsel for Atlas Defendants* and ordered ("the Order") Atlas, the limited liability company, to appear, through licensed counsel, within thirty (30) days from the date of the Order, otherwise, "*without further notice*, it *will* be recommended that the defenses be stricken" and that the Counterclaim will be dismissed. [Dkt. No. 93] (Emphasis added).

3. As the Court is aware, Atlas failed to comply with the Court's order to make an appearance through licensed counsel by January 18, 2021. Thereafter, on January 20, 2021, Plaintiffs/Counter-Defendants filed their Motion to Dismiss Atlas' First Amended Counterclaim for Atlas' failure to comply with the Court's order. [Dkt. No. 96]

4. On January 21, 2021, the Court entered an Order that Atlas had until February 3, 2021 to file a response to the Motion to Dismiss and a brief with any relevant authorities. Atlas, once again, ignored the Court's order and did not file a response or any brief or authorities as to why the First Amended Counterclaim should not be dismissed.

5. As a result of Atlas' continued failure to respond the Court's orders, Plaintiffs assume that the Court will dismiss Atlas' First Amended Counterclaim as indicated in the December 18, 2020 Order and requested by Plaintiffs'/Counter-Defendants' Uncontested Motion to Dismiss. Given the circumstances (a defendant who apparently does not have the financial wherewithal to retain counsel), Plaintiffs are willing to put an end to this litigation. T

6.    Therefore, Plaintiffs respectfully request that the Court dismiss without prejudice the Plaintiffs' claims against Ivankovich at the same time the Court dismisses Atlas' counterclaim. A dismissal of Plaintiffs' claims against Ivankovich, coupled with the dismissal of Atlas' counterclaims, would fully resolve all issues and claims between the parties in this cause. In that event, Plaintiffs' previously filed Motion to Sever [Dkt. No. 100] would be moot,

7.    However, if the court does not dismiss Atlas' counterclaim, or if Atlas is allowed to reassert the claim after dismissal, then Plaintiffs wish to preserve the right to reassert and proceed on their claim against Ivankovich on the guaranty.

8.    For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss Plaintiffs' claims without prejudice to their re-filing should the need arise.

## II.    PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests that the Court grant *Plaintiffs' Motion to Dismiss Its Claims Without Prejudice* and grant Plaintiffs such further and other relief to which they may show themselves entitled, whether at law or in equity.

Respectfully submitted,

*/s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
E-Mail: Rick.Illmer@huschblackwell.com
Chad A. Johnson
State Bar No. 24026259
E-Mail: Chad.Johnson@huschblackwell.com
**HUSCH BLACKWELL, LLP**
1900 Pearl Street, Suite 1800
Dallas, TX  75201
Telephone:  (214) 999-6100
Facsimile:  (214) 999-6170

 - and –

Christopher D. Kratovil
State Bar No. 24027427
ckratovil@dykema.com
John C. Sokatch
State Bar No. 24094915
jsokatch@dykema.com
Cliff P. Riley
State Bar No. 24094915
criley@dykema.com
**DYKEMA GOSSETT PLLC**
Commercial Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile:  (214) 462-6401

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2021, a true and correct copy of the above and foregoing documents was served on all parties electronically or by another manner authorized by the Federal Rules of Civil Procedure and/or via Electronic Service through the Northern District of Texas Electronic Case Filing System (ECF), and via certified mail, return receipt requested to the following pro se parties:

Atlas Apartments Acquisition LLC
55 East Monroe Street, Suite 3610
Chicago, IL 60603

Steven Ivankovich
235 W. Menomonee Street
Chicago, IL 60614

*/s/ Richard A. Illmer*
Richard A. Illmer