IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUFFINES RETAIL PARTNERS, LP, et al., §<br>Plaintiffs, §<br>vs. §<br> §<br>ATLAS APARTMENTS ACQUISITION, §<br>LLC, and STEVEN IVANKOVICH, §<br>Defendants. § | Civil Action No. 3:19-CV-2425-S-BH<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, defendant Atlas Apartments Acquisition, LLC's defenses should be **STRICKEN,** it should be found in default, and its counterclaim should be **DISMISSED** with prejudice. *Plaintiffs' Rule 12(c) Motion for Partial Judgment on the Pleadings*, filed August 13, 2020 (doc. 67), *Plaintiffs' Motion to Dismiss Atlas's First Amended Counterclaim for Failure to Comply with Court Order to Retain Counsel*, filed January 10, 2021 (doc. 96), and *Plaintiffs' Motion to Sever Atlas' First Amended Counterclaim*, filed February 4, 2021 (doc. 100), should be **DEEMED MOOT**. *Plaintiffs' Motion to Dismiss its Claims Without Prejudice*, filed February 11, 2021 (doc. 101), should be **GRANTED**, and its claims against defendant Steven Ivankovich should be **DISMISSED** without prejudice.

### I. BACKGROUND

On September 13, 2019, the plaintiffs sued Atlas Apartments Acquisition, LLC (Defendant LLC) and its individual member, Steven Ivankovich (Individual Defendant), in state court, alleging breach of contract and breach of guaranty in connection with multiple agreements for Defendant LLC to purchase the plaintiffs' interests in business entities that owned and operated multi-family housing

---

[1]By electronic order dated January 31, 2020 (doc. 27), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. The case was reassigned to a different magistrate judge on August 14, 2020. (*See* doc. 69.)

units.  (*See* doc. 7-3 at 2, 7, 8-16.)² The defendants removed the action to federal court on October 14, 2019, on the basis of diversity jurisdiction.  (*See* doc. 1; doc. 7 at 3.)  They answered the lawsuit, and Defendant LLC asserted a counterclaim against the plaintiffs, on November 12, 2019.  (*See* docs. 8, 9.)  Defendant LLC filed a first amended counterclaim on June 30, 2020.  (*See* doc. 50.)  The plaintiffs subsequently sought and were ultimately granted relief on their motions for expungement of two *Lis Pendens* filed by Defendant LLC on the housing units, on December 4, 2020.  (*See* docs. 17, 35, 36, 41, 44, 82, 83, 84, 85.)

By order dated December 18, 2020, counsel's motion to withdraw from representation of both defendants was granted.  (*See* docs. 91, 93.)  The motion stated that new counsel had not been identified and was unknown.  (*See* doc. 91.)  The order granting the motion specifically stated, in relevant part:

> When an artificial entity declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant.  *See Donovan,* 736 F.2d at 1005.
> Although the individual defendant in this case may represent himself, it appears that he is not a licensed attorney, so he may not represent the artificial entity defendant.  It must appear through licensed counsel within **THIRTY** (30) days from the date of this order.  If licensed counsel has not entered an appearance on behalf of the artificial entity defendant within that time, without further notice, it will be recommended that its defenses be stricken, and that the Court conduct further proceedings in accordance with the law, including but not limited to, entry of an order of default and/or default judgment.

(*See* doc. 93.)  More than sixty days since the date of the order have passed, and no counsel has entered an appearance on behalf of Defendant LLC.  Mailings to its last known address have been returned as undeliverable.  (*See* docs. 95, 98, 99.)  Individual Defendant has also not sought an extension of time to obtain counsel for Defendant LLC, or filed anything else.  The plaintiffs move

---

² Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to sever and dismiss Defendant LLC's counterclaim on this basis. (*See* docs. 96, 100.)

On February 11, 2021, the plaintiffs also moved for dismissal of their claims against Individual Defendant without prejudice at the same time that the counterclaim is dismissed. (*See* doc. 101.)

## II. DEFENDANT LLC

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. It is well-established that although individuals have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted).

The rationale for this long-standing rule applies equally to "all artificial entities", such as partnerships and associations. *Rowland*, 506 U.S. at 202. As a cross between a corporation and a partnership, a limited liability company is also an artificial entity that may only appear in federal court through licensed counsel. *See U.S. v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008)*; Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (*per curiam*); *see also Mitchell v. Creekside Logistics,* No. 5-18-CV-00116-RBF, 2020 WL 6588506, at *2 (W.D. Tex. Oct. 29, 2020); *Strauss v. Lake City Credit,* No. 4:19-CV-00620-SDJ-CAN, 2020 WL 4589731, at *2-3 (E.D. Tex. July 14, 2020); *Salsgiver v. Kingdom Guard, LLC,* 3:12-cv-772-M, 2018 WL 6804601, at *1 (S.D. Tex. Dec. 27, 2018); *Moore v. Vednor,* No. 3:17-CV-1436-G, 2017 WL 3616444, at *1 (N.D. Tex. July 26, 2017).

When an artificial entity declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Memon,* 385 F.3d at 873-74 (plaintiff claims dismissed); *Donovan,* 736 F.2d at 1005 (defendant's defenses stricken).

Here, the individual defendant was specifically advised that the artificial entity defendant may only be represented by licensed counsel, and that the court may dismiss the claims of a plaintiff artificial entity that declines to hire counsel to represent it, or strike its defenses if it is a defendant. He was specifically advised that the lack of an entry of appearance by counsel on Defendant's behalf within thirty days would result in a recommendation that its defenses be stricken and that further proceedings be conducted in accordance with the law, including but not limited to, entry of an order of default and/or default judgment. Nevertheless, no attorney has entered an appearance on behalf of Defendant in this case despite the passage of more than sixty days, and mailings to the last known address have been returned as undeliverable. The individual defendant, who is a member of the limited liability Defendant has not sought additional time to obtain representation for it. The artificial entity Defendant has declined to hire counsel to represent it and has failed to make an appearance in or otherwise defend this action, so its defenses are subject to being stricken. *See Donovan,* 736 F.2d at 1005. Its counterclaim is also subject to dismissal with prejudice. *See Memon,* 385 F.3d at 873-74 (noting that the Fifth Circuit has consistently recognized that dismissal with prejudice is an extreme sanction that should not be imposed without prior warning of the need for counsel); *United States v. Slay*, No. 1:11-CV-263, 2013 WL 1312559, at *10 (E.D. Tex. Feb. 27, 2013) (citations omitted) ("If counsel fails to appear on behalf of the entity, the district court may then entertain a motion for default, strike the entities' pleadings, or dismiss its claims with prejudice."), *recommendation adopted*, 2013 WL 1311418 (E.D. Tex. Mar. 28, 2013).

### III.  INDIVIDUAL DEFENDANT

The plaintiffs move to dismiss their claims against Individual Defendant without prejudice "[g]iven the circumstances (a defendant who apparently does not have the financial wherewithal to retain counsel)." (*See* doc. 101 at 2.)

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant serves either an answer or a motion for summary judgment, and if it does not consent to voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). Unless the order otherwise states, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). The decision whether an action should be dismissed under this rule is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125,129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18.

Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde*

*Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). A combination of these factors have been noted by courts finding plain legal prejudice. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F.

App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

In this case, only one of the relevant factors is arguably present. The plaintiffs seek to dismiss their claims against Individual Defendant after significant time and effort litigating the issue of whether the *Lis Pendens* filed by Defendant LLC should be expunged. There are no pending motions that could result in an imminent adverse ruling against them, and they seek to dismiss their claims against a defendant who appears to be unable to afford an attorney and who seems to have stopped participating in the case. No plain legal prejudice to Individual Defendant is apparent under the circumstances, other than the mere prospect of a second lawsuit. The facts in this case do not rise to same level of time and effort exerted in those cases where plain legal prejudice has been found, and voluntary dismissal should be freely granted.

## IV.  RECOMMENDATION

Defendant LLC's defenses should be stricken, it should be found to be in default, and the plaintiffs should be advised that they are entitled to move for default judgment against it, unless licensed counsel enters an appearance on its behalf within the fourteen-day time for filing objections to this recommendation, or by some other deadline set by the Court. Defendant LLC's counterclaim should be dismissed with prejudice. *Plaintiffs' Rule 12(c) Motion for Partial Judgment on the Pleadings*, filed August 13, 2020 (doc. 67), *Plaintiffs' Motion to Dismiss Atlas's First Amended Counterclaim for Failure to Comply with Court Order to Retain Counsel*, filed January 10, 2021 (doc. 96), and *Plaintiffs' Motion to Sever Atlas' First Amended Counterclaim*, filed February 4, 2021 (doc. 100), should be **DEEMED MOOT**. *Plaintiffs' Motion to Dismiss its Claims Without Prejudice*, filed February 11, 2021 (doc. 101), should be **GRANTED**, and its claims against defendant Steven

7

Ivankovich should be **DISMISSED** without prejudice.

**SO RECOMMENDED on this 17th day of February, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE