IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUFFINES RETAIL PARTNERS, LP, et al., | § § § | |
| Plaintiffs, | § | |
| vs. | § § | Civil Action No. 3:19-CV-2425-S-BH |
| ATLAS APARTMENTS ACQUISITION, LLC, and STEVEN IVANKOVICH, | § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Plaintiffs' Motion to Dismiss its Claims Against Atlas Apartments Acquisition, LLc, Without Prejudice*, filed February 19, 2021 (doc. 103). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and its claims against defendant Atlas Apartments Acquisition, LLC should be **DISMISSED** without prejudice.

### I. BACKGROUND

On September 13, 2019, the plaintiffs sued Atlas Apartments Acquisition, LLC (Defendant LLC) and its individual member, Steven Ivankovich (Individual Defendant), in state court, alleging breach of contract and breach of guaranty in connection with multiple agreements for Defendant LLC to purchase the plaintiffs' interests in business entities that owned and operated multi-family housing units. (*See* doc. 7-3 at 2, 7, 8-16.)[2] The defendants removed the action to federal court on October 14, 2019, on the basis of diversity jurisdiction. (*See* doc. 1; doc. 7 at 3.) They answered the lawsuit, and Defendant LLC asserted a counterclaim against the plaintiffs, on November 12, 2019. (*See* docs. 8, 9.) Defendant LLC filed a first amended counterclaim on June 30, 2020. (*See* doc. 50.) The

---

[1] By electronic order dated January 31, 2020 (doc. 27), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. The case was reassigned to a different magistrate judge on August 14, 2020. (*See* doc. 69.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

plaintiffs subsequently sought and were ultimately granted relief on their motions for expungement of two *Lis Pendens* filed by Defendant LLC on the housing units, on December 4, 2020. (*See* docs. 17, 35, 36, 41, 44, 82, 83, 84, 85.)

By order dated December 18, 2020, counsel's motion to withdraw from representation of both defendants was granted. (*See* docs. 91, 93.) The order granting the motion specifically advised that as an artificial entity, Defendant LLC could not proceed without counsel, and that if it declined to hire counsel to represent it, its claims could be dismissed and its defenses stricken. (*See* doc. 93.) It was given thirty days to obtain new counsel. (*See id.*) After no counsel had entered an appearance on behalf of Defendant LLC despite the passage of more than sixty days, mailings to its last known address were returned as undeliverable, and the Individual Defendant did not seek an extension of time to obtain counsel or file anything else, it was recommended that its defenses be stricken, that it be found in default, and that its counterclaim be dismissed with prejudice. (*See* doc. 102.) It was also recommended that the plaintiffs' motion to dismiss their claims against Individual Defendant without prejudice be granted. (*See id.*)

## II.  RULE 41(a)(2)

The plaintiffs now also move to dismiss their claims against Defendant LLC without prejudice "[g]iven the circumstances (that [it], similar to [Individual Defendant], appears to not have the financial wherewithal to retain counsel, much less satisfy a judgment)." (*See* doc. 103 at 3.)

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant serves either an answer or a motion for summary judgment, and if it does not consent to voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th

Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). Unless the order otherwise states, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). The decision whether an action should be dismissed under this rule is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18.

      Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). A combination of these factors have been noted by courts finding plain legal prejudice. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir.

2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

In this case, only one of the relevant factors is arguably present. The plaintiffs seek to dismiss their claims against Defendant LLC after significant time and effort litigating the issue of whether the *Lis Pendens* it filed should be expunged. There are no pending motions that could result in an imminent adverse ruling against them, and they seek to dismiss their claims against a defendant who appears to be unable to afford an attorney, much less satisfy a default judgment. No plain legal prejudice to it is apparent under the circumstances, other than the mere prospect of a second lawsuit. The facts in this case do not rise to same level of time and effort exerted in those cases where plain

4

legal prejudice has been found, and voluntary dismissal should be freely granted.

## IV.  RECOMMENDATION

The plaintiffs' motion to dismiss should be **GRANTED**, and their claims against defendant Atlas Acquisitions, LLC, should be **DISMISSED** without prejudice.

**SO RECOMMENDED on this 22nd day of February, 2021.**

```
                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE
```